UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CENTRAL STATES, SOUTHEAST AND SOUTHWEST AREAS PENSION FUND and HOWARD McDOUGALL, Trustee,<br><br>　　　　　Plaintiffs,<br><br>　vs.<br><br>VULCAN CHAIN CORPORATION, a Michigan corporation,<br><br>　　　　　Defendant. | Case No.:<br>Judge<br>Magistrate Judge<br><br>**FILED: JULY 17, 2008**<br>**08CV4051**<br>**JUDGE KENDALL**<br>**MAGISTRATE JUDGE KEYS**<br>**AEE** |

## COMPLAINT

Plaintiffs the Central States, Southeast and Southwest Areas Pension Fund and Howard McDougall, one of its present Trustees (collectively "the Pension Fund"), for their cause of action against Defendant Vulcan Chain Corporation, a Michigan corporation ("Vulcan") allege as follows:

## JURISDICTION AND VENUE

1. This is an action for collection of withdrawal liability, interest, and penalties incurred by an employer as a result of a withdrawal from the Pension Fund.

2. This action arises under the Employee Retirement Income Security Act of 1974 ("ERISA") as amended by the Multiemployer Pension Plan Amendments Act of 1980, 29 U.S.C. § 1001, et seq. (1982). This Court has jurisdiction over this action under ERISA Sections 502(e), 502(f), and 4301(c), 29 U.S.C. §§ 1132(e), 1132(f), and 1451(c).

3. The Pension Fund is administered at its principal place of business located

in Rosemont, Illinois. Venue is proper in this District under ERISA Sections 502(e)(2) and 4301(d), 29 U.S.C. § 1132(e)(2) and 1451(d). Venue is also proper in this district under the Pension Fund Trust Agreement.

## PARTIES

4. Plaintiff Pension Fund is a multiemployer pension plan within the meaning of ERISA Sections 3(37) and 4001(a)(3), 29 U.S.C. § 1002(37) and 1301(a)(3), and an employee benefit plan within the meaning of ERISA Section 3(3), 29 U.S.C. § 1002(3).

5. Plaintiff Howard McDougall is a present trustee of the Pension Fund and he and his fellow Trustees are collectively the plan sponsor of the Pension Fund within the meaning of ERISA Section 4001(a)(10)(A), 29 U.S.C. § 1301(a)(10)(A). The Trustees administer the Pension Fund at 9377 West Higgins Road, Rosemont, Illinois 60018.

6. Pursuant to ERISA Sections 502(a)(3) and 4301(a)(1), 29 U.S.C. §§ 1132(a)(3) and 1451(a)(1), the Howard McDougall is authorized to bring this action on behalf of the Pension Fund, its participants, and beneficiaries for the purpose of collecting withdrawal liability.

7. Defendant Vulcan is a Michigan corporation with its principal place of business located in the State of Michigan. Vulcan is an "employer" and a "party-in-interest" as those terms are defined by, respectively, ERISA Sections 3(5) and 3(14)(c), 29 U.S.C. §§1002(5) and 1002(14)(c).

## CLAIM FOR RELIEF

8. Defendant Vulcan was subject to collective bargaining agreements executed between itself and a local union affiliated with the International Brotherhood of Teamsters, under which Vulcan was required to make contributions to the Pension Fund on behalf of certain of its employees.

9. The Pension Fund determined that on or about February 3, 2007, Defendant Vulcan effected a "complete withdrawal" from the Pension Fund within the meaning of ERISA Section 4203, 29 U.S.C. § 1383.

10. As a result of this complete withdrawal, Defendant Vulcan incurred withdrawal liability to the Pension Fund in the amount of $602,913.51 as determined under ERISA Section 4201(b), 29 U.S.C. § 1381(b).

11. On or about March 28, 2008, Defendant Vulcan received a notice and demand for payment of withdrawal liability issued by the Pension Fund in accordance with ERISA Sections 4202(2) and 4219(b)(1), 29 U.S.C. §§ 1382(2) and 1399(b)(1). The notice and attached invoice notified Vulcan that it was required to discharge its liability in a lump sum payment immediately pursuant to ERISA Section 4219(c)(5)(B) and Appendix E, Section 5(e)(2)(E) of the Pension Plan.

12. On June 24, 2008, Vulcan, through its attorney, requested review of the withdrawal liability assessment.

13. Pursuant to ERISA Sections 4219(c)(2) and 4221(d), 29 U.S.C. §§ 1399(c)(2) and 1401(d), withdrawal liability payments must be made in accordance with the schedule set forth by the plan sponsor notwithstanding any request for review or demand for arbitration.

14. Defendant Vulcan has failed to make the required withdrawal liability payment to the Pension Fund.

**WHEREFORE,** Plaintiffs Central States, Southeast and Southwest Areas Pension Fund and Howard McDougall, one of its present Trustees, request the following relief:

A.   A judgment against Defendant Vulcan Chain Corporation, a Michigan corporation and on behalf of Plaintiffs, pursuant to ERISA Section 502(g), 29 U.S.C. § 1132(g)(2), for:

    a.   $602,913.51 in withdrawal liability;

    b.   interest on the entire amount of the withdrawal liability assessment computed and charged at an annualized interest rate equal to two percent (2%) plus the prime interest rate established by Chase Manhattan Bank (New York, New York) for the fifteenth (15th) day of the month for which the interest is charged;

    c.   an amount equal to the greater of the interest on the withdrawal liability or liquidated damages of twenty percent (20%) of the unpaid withdrawal liability; and

    d.   attorney's fees and costs.

B.   Post-judgment interest computed and charged at an annualized interest rate equal to two percent (2%) plus the prime interest rate established by Chase Manhattan Bank (New York, New York) for the fifteenth (15th) day of the month for which the interest is charged, compounded annually; and

D.   For such other or different relief as this Court may deem proper and just.

                              Respectfully submitted,

                              /s/ Cathy L. Rath
                              Cathy L. Rath (ARDC # 6275744)
                              Attorney for Plaintiffs
                              Central States, Southeast and
                              Southwest Areas Pension Fund
                              9377 West Higgins Road
                              Rosemont, IL 60018-4938

July 17, 2008                   (847) 518-9800, Ext. 2343