UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

CENTRAL STATES, SOUTHEAST AND
SOUTHWEST AREAS PENSION FUND,
And HOWARD McDOUGALL, Trustee,

      Plaintiffs,

v.

VULCAN CHAIN CORPORATION, a
Michigan Corporation,

      Defendant.
_____/

Filed: July 17, 2008
08CV4051
Assigned Judge: Virginia Kendall
Designated Magistrate Judge:
   Arlander Keys

## DEFENDANT'S ANSWER TO COMPLAINT AND AFFIRMATIVE DEFENSES

NOW COMES the Defendant, VULCAN CHAIN CORPORATION, by and through its attorneys, SULLIVAN, WARD, ASHER & PATTON, P.C., and in response to Plaintiffs' Complaint states as follows:

### JURISDICTION AND VENUE

1. This is an action for collection of withdrawal liability, interest, and penalties incurred by an employer as a result of a withdrawal from the Pension Fund.

**ANSWER:** Defendant neither admits nor denies the allegations contained in paragraph 1 of Plaintiff's Complaint. In further answer, Defendant admits that Plaintiff's complaint appears to be seeking withdrawal liability. However, Defendant does not admit that the Complaint is proper.

2. This action arises under the Employee Retirement Income Security Act of 1974 ("ERISA") as amended by the Multiemployer Pension Plan Amendments Act of 1980, 29 U.S.C. §1001, et. seq. (1982). This Court has jurisdiction over this action

under ERISA Sections 502(e), 502(f), and 4301(c), 29 U.S.C. §1132(e), 1132(f), and 1451(c).

**ANSWER:** Defendant neither admits nor denies the allegations contained in paragraph 2 of Plaintiff's Complaint. In further answer, Defendant does not dispute that if this is a proper action for withdrawal liability that this Court has subject matter jurisdiction.

3. The Pension Fund is administered at its principal place of business located in Rosemont, Illinois. Venue is proper in this District under ERISA Sections 502(e)(2) and 4301(d), 29 U.S.C. §1132(e)(2) and 1451(d). Venue is also proper in this district under the Pension Fund Trust Agreement.

**ANSWER:** Defendant neither admits nor denies the allegations contained in paragraph 3 of Plaintiffs' Complaint. In further answer, for purposes of responding to this Complaint, Defendant has no reason to doubt the allegation that the Pension Fund is administered in Rosemont, Illinois. Moreover, if this action is an appropriate action for withdrawal liability under ERISA then venue may be appropriate as set forth in paragraph 3 of Plaintiffs' Complaint. In further answer, Defendant does not concede or admit that venue may not be more appropriate in another Court.

## PARTIES

4. Plaintiff Pension Fund is a multiemployer pension plan within the meaning of ERISA Sections 3(37) and 4001(a)(3), 29 U.S.C. §1002(37) and 1301(a)(3), and an employee benefit plan within the meaning of ERISA Section 3(3), 29 U.S.C. §1002(3).

**ANSWER:** Defendant admits the allegations contained in paragraph 4 of Plaintiffs' Complaint.

5. Plaintiff Howard McDougall is a present trustee of the Pension Fund and he and his fellow Trustees are collectively the plan sponsor of the Pension Fund within the meaning of ERISA Section 4001(a)(10)(A), 29 U.S.C. §1301(a)(10)(A). The

Trustees administer the Pension Fund at 9377 West Higgins Road, Rosemont, Illinois 60018.

**ANSWER:**　　Defendant neither admits nor denies the allegations contained in paragraph 5 of Plaintiffs' Complaint.

　　　　6.　　Pursuant to ERISA Sections 502(a)(3) and 4301(a)(1), 29 U.S.C. §1132(a)(3) and 1451(a)(1), the Howard McDougall is authorized to bring this action on behalf of the Pension Fund, its participants, and beneficiaries for the purpose of collecting withdrawal liability.

**ANSWER:**　　In response to paragraph 6 of Plaintiffs' Complaint, Defendant sets forth that if Howard McDougall is a Trustee as set forth in paragraph 5 of the Complaint, then Plaintiff MacDougall is permitted to bring an action for withdrawal liability pursuant to ERISA as set forth in paragraph 6 of Plaintiffs' Complaint.

　　　　7.　　Defendant Vulcan is a Michigan corporation with its principal place of business locate in the State of Michigan.  Vulcan is an "employer" and a "party-in-interest" as those terms are defined by, respectively, ERISA Sections 3(5) and 3(14)(c), 29 U.S.C. §1002(5) and 1002(14)(c).

**ANSWER:**　　Defendant denies the allegations contained in paragraph 7 of Plaintiffs' Complaint.

## **CLAIM FOR RELIEF**

　　　　8.　　Defendant Vulcan was subject to collective bargaining agreements executed between itself and a local union affiliated with the International Brotherhood of Teamsters, under which Vulcan was required to make contributions to the Pension Fund on behalf of certain of its employees.

**ANSWER:**　　Defendant admits the allegations contained in paragraph 8 of Plaintiffs' Complaint.

9. The Pension Fund determined that on or about February 3, 2007, Defendant Vulcan effected a "complete withdrawal" from the Pension Fund within the meaning of ERISA Section 4203, 29 U.S.C. §1383.

**ANSWER:** Defendant neither admits nor denies the allegations contained in paragraph 9 of Plaintiffs' Complaint.

10. As a result of this complete withdrawal, Defendant Vulcan incurred withdrawal liability to the Pension Fund in the amount of $602,913.51 as determined under ERISA Section 4201(b), 29 U.S.C. §1381(b).

**ANSWER:** Defendant denies the allegations contained in paragraph 10 of Plaintiffs' Complaint.

11. On or about March 28, 2008, Defendant Vulcan received a notice and demand for payment of withdrawal liability issued by the Pension Fund in accordance with ERISA Sections 4202(2) and 4219(b)(1), 29 U.S.C. §1382(2) and 1399(b)(1). The notice and attached invoice notified Vulcan that it was required to discharge its liability in a lump sum payment immediately pursuant to ERISA Section 4219(c)(5)(B) and Appendix E, Section 5(e)(2)(E) of the Pension Fund.

**ANSWER:** Defendant admits the allegations contained in paragraph 11 of Plaintiffs' Complaint as same pertains to the notice alleged to have been provided. Defendant denies that the assessment was correct and denies any allegation that the notices and demands for payment were appropriate and/or valid under ERISA.

12. On June 24, 2008, Vulcan, through its attorney, requested review of the withdrawal liability assessment.

**ANSWER:** Defendant admits the allegations contained in paragraph 12 of Plaintiffs' Complaint.

13. Pursuant to ERISA Sections 4219(c)(2) and 4221(d), 29 U.S.C. §1399(c)(2) and 1401(d), withdrawal liability payments must be made in accordance with

4

the schedule set forth by the plan sponsor notwithstanding any request for review or demand for arbitration.

**ANSWER:** No answer is required to paragraph 13 as the statute speaks for itself. In further answer, no schedule of payments was provided.

14. Defendant Vulcan has failed to make the required withdrawal liability payment to the Pension Fund.

**ANSWER:** Defendant denies the allegations contained in paragraph 14 of Plaintiffs' Complaint for the reason that it was inappropriate for Plaintiff Pension Fund to request a lump sum payment as set forth in paragraph 11 above.

**WHEREFORE**, Defendant respectfully requests that this Honorable Court dismiss this lawsuit in its entirety and award Defendant its costs and attorney fees as required and permitted by law and equity.

## AFFIRMATIVE DEFENSES

NOW COMES the Defendant, by and through its attorneys, and hereby submit the following Affirmative Defenses:

1. Plaintiffs fail to state a claim for which relief can be granted.

2. All or part of Plaintiffs' claims are barred by the applicable statute of limitations.

3. All or part of Plaintiffs' claims are barred in whole or in part by latches, estoppel, and unclean hands.

4. All or part of Plaintiffs' claims are invalid based on the conduct of other parties, including Plaintiffs.

5. Plaintiffs' claims may be barred in part by express and/or implied waiver.

6. Defendant reserves all defenses based on applicable statute of frauds.

7. Plaintiffs' claims are barred in whole or in part because Plaintiffs' claims caused or contributed to their own alleged damages.

8. Plaintiffs' claims are barred by improper assessment to establish withdrawal liability pursuant to ERISA, and failure to abide by the statutory requirements for the assessment, payment and collection of withdrawal liability.

9. All or part of Plaintiffs' claim fails based on failure to exhaust administrative remedies.

10. Defendant reserves the right to supplement and/or amend their statement of affirmative defenses to set forth further additional defenses as investigation and review of this matter continues.

                                  Respectfully Submitted:

                                  s/Christopher B. McMahon
                                  Sullivan, Ward, Asher & Patton, P.C.
                                  Attorneys for Defendant
                                  70 West Madison Street, Suite 1400
                                  Chicago, Illinois 60602
                                  312.214.3175
                                  P230787

Dated: August 20, 2008

## CERTIFICATE OF SERVICE

I hereby certify that on August 20, 2008, my assistant, Dara J. Wilson, electronically filed the foregoing document with the Clerk of the Court using the ECF system, and notice was given to the following ECF participant:

Cathy L. Rath

                                  s/Christopher B. McMahon
                                  Sullivan, Ward, Asher & Patton, P.C.
                                  Attorneys for Defendant
                                  70 West Madison Street, Suite 1400
                                  Chicago, Illinois 60602
                                  312.214.3175
                                  P230787

W0660374/A40-111462